```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NEWPORT COMMONS, L.P. and           )
NEWPORT COMMONS II, L.P.,           )  Civil Action
                                    )  No. 11-cv-07029
              Plaintiffs            )
                                    )
         vs.                        )
                                    )
BLUE RIDGE CABLE TECHNOLOGIES,      )
  INC., doing business as           )
  Blue Ridge Communications,        )
                                    )
              Defendant             )
```

                                       \*   \*   \*

APPEARANCES:

        TIMOTHY J. WOOLFORD, ESQUIRE
            On behalf of Plaintiffs

        CHARLES F. SMITH, JR., ESQUIRE
            On behalf of Defendant

                                       \*   \*   \*

## O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

        This matter is before the court on Defendant, Blue Ridge Cable Technologies, Inc., d/b/a Blue Ridge Communications' Motion to Dismiss Complaint, which motion was filed on January 10, 2012.[1]  On January 31, 2012 Newport Commons, L.P. and Newport Commons II, L.P.'s Brief in Opposition to Blue Ridge

---

[1] Defendant's motion was accompanied by a brief entitled Defendant, Blue Ridge Cable Technologies, Inc., d/b/a Blue Ridge Communications' Brief in Support of its Motion to Dismiss Plaintiffs' Complaint.  Defendant also attached Exhibits A-G to its motion, which I refer to as "Defense Exhibits".

Cable Technologies, Inc.'s Motion to Dismiss Complaint was filed.[2]

For the reasons articulated below, I grant defendant's motion to dismiss and dismiss plaintiffs' Complaint without prejudice for plaintiffs to resubmit the issues raised therein in pending state court and arbitration proceedings.

## JURISDICTION

Jurisdiction in this case is contested.  However, plaintiffs allege jurisdiction pursuant to 28 U.S.C. § 1331, which provides district courts with original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States, and pursuant to 28 U.S.C. § 1337, which provides original jurisdiction of any civil action "arising under any Act of Congress regulating commerce or protecting trade".[3]

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to plaintiffs' claims allegedly occurred within this judicial district.

---

[2]    Plaintiffs attached Exhibits A-G to their brief in opposition, which I refer to as "Plaintiffs' Exhibits".

[3]    Complaint, ¶ 5.

STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter....

Fed.R.Civ.P. 12(b)(1).

There are two types of challenges to subject matter jurisdiction pursuant to Rule 12(b)(1): (1) to the Complaint on its face; and (2) to the existence of subject matter jurisdiction in fact. Daliessio v. DePuy, Inc., No. Civ.A. 96-5295, 1998 WL 24330 at *2 (E.D. Pa. Jan 23, 1998).

In Carpet Group International v. Oriental Rug Importers Association, the United States Court of Appeals for the Third Circuit stated:

> When a defendant attacks subject matter jurisdiction "in fact" as opposed to an attack on the allegations on the face of the complaint, the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case. Mortenson v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In such a situation, 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.' Id. In addition, the burden of proving the existence of subject matter jurisdiction lies with the plaintiff. Id.

227 F.3d 62, 69 (3d Cir. 2000).

Here, defendant's motion to dismiss attacks subject matter jurisdiction "in fact".

FACTS

Based on the pleadings, record papers, affidavits and exhibits, the operative facts are as follows.

Plaintiffs Newport Commons, L.P. and Newport Commons II, L.P. (collectively "Newport") are the owners of an apartment complex known collectively as Newport Commons located in Lancaster County, Pennsylvania.  Defendant Blue Ridge Cable Technologies, Inc. ("Blue Ridge") is a corporation in the business of providing cable television services.[4]

This action arises from a dispute over the extent to which Blue Ridge has the right to access Newport's property in order to provide cable television services to the residents of Newport Commons.

For the past decade Blue Ridge has been providing cable television, internet and phone services to more than 200 tenants at Newport Commons.  When the Newport Commons were first constructed, Blue Ridge installed cable wiring in trenches surrounding the Newport Commons.[5]

On July 21, 2011 Newport advised Blue Ridge that it had entered an agreement with Windstream, Inc., one of Blue Ridge's

---

[4]   Complaint, ¶¶ 1 and 4.

[5]   Defense Exhibit A, ¶¶ 4 and 6.

competitors.  Newport advised Blue Ridge that beginning September 6, 2011 Blue Ridge could no longer provide services to the residents at Newport Commons.

On August 1, 2011 Blue Ridge responded to Newport by indicating that it had received requests to continue servicing Newport Commons' residents.  Accordingly, Blue Ridge indicated that it intended to continue to provide services to the residents at Newport Commons.[6]

Negotiations between Blue Ridge and Newport over the terms by which Blue Ridge would continue to provide services to Newport Commons' residents were not successful.

On August 10, 2011 Blue Ridge (as plaintiff) filed a Complaint in the Court of Common Pleas of Lancaster County, Pennsylvania against Newport, asserting a cause of action pursuant to the Pennsylvania Tenant's Rights to Cable Television Act, 68 P.S.C.A. § 250.501-B - 250.510-B.

Specifically, Blue Ridge sought preliminary and permanent injunctions enjoining Newport from (1) evicting Blue Ridge from Newport Commons; (2) denying Blue Ridge access to cable wiring servicing of the tenants of Newport Commons; and (3) accessing Blue Ridge's cable boxes at Newport Commons.

Additionally, Blue Ridge sought a declaration that it was entitled to access Newport Commons, pursuant to 68 P.S.C.A.

---

[6]    Defense Exhibit A, ¶¶ 7-10.

§ 250.501-B - 250.510-B, as necessary to provide cable television services to the tenants at Newport Commons.[7]

On August 25, 2011 Newport filed its Preliminary Objections to Complaint, in which it contended that the Court of Common Pleas of Lancaster County lacked subject matter jurisdiction because 68 P.S.C.A. § 250.506-B(b)(2) vests exclusive and mandatory jurisdiction for any disputes between a landlord and cable operator concerning access to property in an arbitrator.[8]

On September 2, 2011 Lancaster County Court of Common Pleas Judge Howard F. Knisely entered an order staying the case until the parties complied with the negotiation and arbitration requirements of the Pennsylvania Tenant's Rights to Cable Television Act.[9]

On September 13, 2011, as part of the negotiations, Blue Ridge sent a letter to Newport, in which it contended that Blue Ridge had a right to access certain trenches at Newport Commons for purposes of constructing, maintaining and repairing its cable system pursuant to the Cable Communications Policy Act, 47 U.S.C. § 541(a)(2) ("Cable Act").  Specifically, Blue Ridge

---

[7]     Defense Exhibit C, Complaint filed in the Court of Common Pleas of Lancaster County, page 5.

[8]     Defense Exhibit G, Preliminary Objections to Complaint, ¶ 31.

[9]     Defense Exhibit D, Order of Judge Howard K. Knisely, dated September 2, 2011.

contended that it had a right of access under the Cable Act because the trenches had been "dedicated for compatible uses."[10]

Negotiations were not successful, and on October 24, 2011 Blue Ridge submitted a demand for statutory arbitration pursuant to the Landlord and Tenant Act of 1951, as amended.[11]

On November 10, 2011 Newport filed the within Complaint in this federal court seeking a declaration that the trenches around the Newport Commons property have not been dedicated for compatible uses pursuant to the Cable Act, 47 U.S.C. § 541(a)(2). Newport further seeks a declaration that Blue Ridge does not have a legal right to access the trenches.[12]

On January 1, 2011 Blue Ridge filed the within motion to dismiss.

---

[10] Defense Exhibit E, page 37.

[11] The Pennsylvania statute known as The Landlord Tenant Act of 1951 was amended on December 20, 1990 by the addition of Section 250.506-B to provide a landlord with "just compensation" from a cable TV operator "resulting from loss in value of property resulting from the permanent installation of CATV system facilities on the premises." Act of December 20, 1990, P.L. 1465, § 2, 68 P.S. § 250.506-B(a). The amended act contained a provision permitting a Cable TV operator dissatisfied with the amount of compensation demanded by the landlord for the loss in value to the landlord's property, to make a formal request for arbitration. 68 P.S. § 250.506-B(b)(2).

Defense Exhibit E, page 2 is a formal Demand for Arbitration made by Blue Ridge pursuant to the Commercial Arbitration Rules of the American Arbitration Association, and served on counsel for Newport Commons by Counsel for Blue Ridge by letter dated October 24, 2011 (See Defense Exhibit E, page 1).

[12] Complaint, ¶ 27.

## CONTENTIONS OF THE PARTIES

### Contentions of Defendant

Blue Ridge contends that dismissal is warranted for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Specifically, Blue Ridge contends that I should abstain from adjudicating Newport's Complaint pursuant to <u>Brillhart v. Excess Insurance Company of America</u>, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) because Newport's claim is for declaratory relief, and there is a parallel proceeding in state court.  Blue Ridge also contests the original jurisdiction of this court.  However, it does not brief the issue specifically.

### Contentions of Plaintiffs

Newport contends that federal question jurisdiction is established because its claim arises under the Cable Act. Additionally, Newport contends that abstention is not warranted because the state court proceedings are inadequate to address the federal issues raised in Newport's Complaint.

Specifically, Newport contends that because 68 P.S.C.A. § 250.506(b)(4) limits the scope of issues that can be raised on an appeal of an arbitrator's decision, Newport may suffer an

unconstitutional taking of its property without just compensation.[13]

### DISCUSSION

Although the parties thoroughly briefed the issues surrounding Brillhart abstention, neither party briefed whether original jurisdiction exists.  However, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists."  Hertz Corporation v. Friend, __ U.S. __, 130 S.Ct. 1181, 1193, 175 L.Ed.2d 1029, 1042 (2010).

Federal courts are tribunals of limited, rather than general jurisdiction, and the party asserting jurisdiction bears the burden to establish that jurisdiction exists.  Grays Ferry Cogeneration Partnership v. PECO Energy, 998 F.Supp. 542, 549 (E.D.Pa. 1998) (Dalzell, J.).

Here, diversity of citizenship between the parties does not exist.[14]  However, Newport contends that federal question jurisdiction exists because its action arises under the federal Cable Act.[15]

---

[13]  The statute at 68 P.S.C.A. § 250.506(b)(4) provides that "either party may appeal the decision of the arbitrators in a court of common pleas, regarding the amount awarded as compensation for loss of value or for physical damages to the property."

[14]  See Complaint, ¶¶ 2, 3 and 4.

[15]  Newport's claim is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  However, the Declaratory Judgment Act "does not provide an independent basis of federal jurisdiction."  Terra Nova Insurance Company, LTD. v. 900 Bar, Inc., 887 F.2d 1213, 1218 n.2 (3d Cir. 1989).  Therefore, Newport must establish that its declaratory judgment action "arises under" another federal law.

In determining whether federal question jurisdiction exists, the well-pleaded complaint rule requires that a federal question be presented on the face of the complaint. Grays Ferry, 998 F.Supp. at 550. A suit may arise under federal law if the federal law creates the cause of action or if a cause of action is based on state law, but a federal law that creates a cause of action is an essential component of the claim. Id.

Accordingly, the "mere presence" of a federal issue "does not automatically confer federal-question jurisdiction." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 813, 106 S.Ct. 3229, 3234, 92 L.Ed.2d 650, 661 (1986). Federal jurisdiction is not established by "artful pleadings [that] anticipate a defense based on federal law". Clark v. Gulf Oil Corporation, 570 F.2d 1138, 1143, n.5 (3d Cir. 1977) quoting Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 673, 94 L.Ed. 1194, 1201, 70 S.Ct. 876, 880 (1950).

Additionally, a federal statute cannot serve as a basis for federal question jurisdiction if the federal statute does not provide a private right of action to the party asserting jurisdiction. See Gallenthin Reality Development, Inc. v. BP Products of North America, Inc., 163 Fed.Appx. 146, 151 (3d Cir. 2006) (non-precedential).

Neither party briefed whether the Cable Act provides a landowner, such as Newport, with a private right of action, which

-10-

could thereby establish federal question jurisdiction. However, in Heydon v. MediaOne of Southeast Michigan, Inc., 327 F.3d 466 (6th Cir. 2003), the United States Court of Appeals for the Sixth Circuit held that 47 U.S.C. § 541(a)(2) "does not provide a cause of action to a private landowner to exclude a cable company from its land."  327 F.3d at 470.

In Heydon, plaintiff filed a complaint in state court against defendant cable company, asserting a cause of action for trespass after the cable company entered plaintiff's land to install a cable system using utility poles on plaintiff's land. In its answer to plaintiff's complaint, defendant asserted that the Cable Act permitted it to use the utility poles on plaintiff's land to install the cable system.  327 F.3d at 468-469.

Plaintiff then filed a complaint for declaratory judgment in federal court, seeking a declaration that the Cable Act did not permit defendant to enter plaintiff's property.  Id. The Sixth Circuit held that the district court properly dismissed plaintiff's complaint for lack of subject matter jurisdiction because plaintiff's claim was based on an anticipated defense to plaintiff's state court action and because the Cable Act did not provide a landowner, such as plaintiff, with a private right of action.

Here, like Heydon, Newport's claim is based on its anticipation that Blue Ridge will argue that the Cable Act provides a justification for it to access the trenches at the Newport Commons.  However, neither Blue Ridge's Complaint filed in the Court of Common Pleas of Lancaster County, Pennsylvania, nor Blue Ridge's demand for arbitration, cite the Cable Act as a basis for access to the trenches at the Newport Commons.[16]

Newport cannot establish federal question jurisdiction based on anticipated arguments or defenses that may be made during the course of the arbitration proceedings or state court litigation.  See Clark v. Gulf Oil Corporation, 570 F.2d at 1143, n.5; see also Heydon, 327 F.3d at 470.[17]

Moreover, like Heydon, the Cable Act cannot establish federal jurisdiction for a private landowner such as Newport because 47 U.S.C. § 541(a)(2) "does not provide a cause of action

---

[16]   See Defense Exhibits C and E.

[17]   In Heydon, both the trespass action filed in state court and the declaratory judgment action filed in federal court were initiated by plaintiff.  Here, Blue Ridge (defendant in the within dispute) initiated the initial action in state court.  Therefore, the Cable Act would not be raised by Blue Ridge as a defense in the state court action, but rather as a basis to access the trenches at the Newport Commons.

However, like Heydon, Blue Ridge's action in state court was brought pursuant to state law.  That the Cable Act may serve as a basis for access to the Newport Commons does not make it an essential component of Blue Ridge's claim or create a substantial federal question.  Because Blue Ridge's claim is based on the Pennsylvania Tenant's Rights to Cable Television Act, it does not arise under federal law and cannot serve as a basis for federal jurisdiction in Newport's Complaint.  See Franchise Tax Board v. Construction Laborer Vacation Trust, 463 U.S. 1, 19, 1035 S.Ct. 2841, 2852, 77 L.Ed. 420, 437 (1983).

to a private landowner to exclude a cable company from its land." Heydon, 327 F.3d at 470.

In certain circumstances, the Cable Act provides a private cause of action for either cable companies or the consuming public. See Heydon, 327 F.3d at 470; Cable Associates, Inc. v. Town & Country Management Corporation, 709 F.Supp. 582, 588 (E.D.Pa. 1989); contrast Cable Investments, Inc. v. Woolley, 680 F.Supp. 174, 179-80 (M.D.Pa. 1987) (holding the Cable Act does not provide a private cause of action for cable companies). However, Newport has not provided any authority, nor am I aware of any, which indicates that the Cable Act provides a private landowner with a private cause of action.[18]

---

[18] Holding that the Cable Act provides a private right of action for a cable company, but not for a private landowner, is consistent with the jurisprudence concerning implied private rights of action.

Pursuant to Cort v. Ash, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), courts consider four factors to determine whether a statute creates a private cause of action for a plaintiff: (1) whether the plaintiff is one of the class for whose especial benefit the statute was enacted; (2) whether there is explicit and implicit evidence of legislative intent to provide such a remedy; (3) whether a private cause of action is consistent with the legislative purpose connected to the act; and (4) whether the cause of action is one traditionally relegated to state law.

Here, a purpose of the Cable Act is to "encourage the growth and development of cable systems" and to "promote competition in cable communications" 47 U.S.C. § 521(2) and (6). This purpose is consistent with finding that cable providers, but not landowners, are of the class for whose especial benefit the statute was enacted.

Accordingly, a cause of action for cable providers, but not land owners, is consistent with the purposes of the act. Finally, a cause of action in which a cable provider seeks access to private or public land is not traditionally relegated to state law. However, state law trespass actions provide landowners with a traditional remedy against unlawful intrusion onto private property.

Because Newport's declaratory judgment complaint is based on an anticipated argument from Blue Ridge, and because the Cable Act does not provide a private cause of action, Newport has failed to establish that this court has subject matter jurisdiction over the dispute.  Therefore, I dismiss Newport's Complaint for lack of subject matter jurisdiction.

However, in the event this court does have subject matter jurisdiction over this dispute, pursuant to <u>Brillhart v. Excess Insurance Company of America</u>, I would nevertheless decline to retain jurisdiction over this case.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction...any court of the United States, upon the filing of an appropriate pleading, <u>may</u> declare the rights and other legal relations of any interested party seeking such declaration...." 28 U.S.C. § 2201(a) (emphasis added).

The decision to exercise this declaratory relief power is discretionary and rests with the district court.  See <u>Wilton v. Seven Falls Company</u>, 515 U.S. 277, 286-287, 115 S.Ct. 2137, 2142-2143, 132 L.Ed.2d 214, 223 (1995).  When a parallel proceeding involving similar issues is pending in state court, ordinarily "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."  <u>Brillhart v. Excess Insurance Company of America</u>,

316 U.S. 491, 495, 62 S.Ct. 1173, 1176, 86 L.Ed. 1620, 1625 (1942).

Here, parallel state proceedings are addressing issues similar to those raised in Newport's Complaint. Specifically, both Blue Ridge's Complaint filed in the Lancaster County Court of Common Pleas, and Blue Ridge's Demand for Arbitration, remain pending and encompass the issues raised in Newport's Complaint.

In determining whether to abstain from a declaratory judgment action in which there is an ongoing parallel state court proceeding, a court may consider (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty; and (4) the availability and relative convenience of other remedies. United States v. Commonwealth of Pennsylvania, 923 F.2d 1071, 1075 (3d Cir. 1991).

Here, considering the applicable factors, abstention is warranted.

Applying the first factor, a federal declaration regarding the parties rights under the Cable Act will not resolve the overall dispute. Newport admits that disposition of Newport's declaratory judgment action "will not fully resolve the

issues as to how Blue Ridge may provide cable services to the residents of Newport Commons".[19]

Specifically, even if Newport obtained a declaration that the trenches on Newport Commons were not dedicated for compatible use and that Blue Ridge did not have a legal right to access the trenches, the arbitrator would still need to resolve the broader issue of how Blue Ridge may provide cable services to the residents at Newport Commons.  Similarly, if Blue Ridge does have a legal right to access the trenches at Newport Commons under the Cable Act, an arbitrator would still need to determine the amount of compensation to which Newport is entitled and the reasonableness of any plan of access.[20]

Applying the second factor, the convenience of the parties will be served by adjudicating their dispute in a single forum, rather than through piecemeal litigation between federal and state court.

Regarding the third factor, to the extent that the residents at Newport Commons are affected by this litigation, I conclude that the public will be better served by the expeditious resolution of the dispute.  An expeditious resolution will be

---

[19]     Newport Commons, L.P. and Newport Commons II, L.P.'s Brief in Opposition to Blue Ridge Cable Technologies, Inc.'s Motion to Dismiss Complaint, page 12.

[20]     See 68 P.S.C.A. § 250.506-B(b).

-16-

served by abstaining and allowing this matter to proceed in a state arbitration proceeding.

Finally, applying the fourth factor, the arbitration procedures in 68 P.S.C.A. § 250.506(b), do not justify interference with the comprehensive statutory scheme provided by the Pennsylvania Tenant's Rights to Cable Television Act, 68 P.S.C.A. § 250.501-B.  Although Newport contends that the arbitration proceedings are inadequate because Newport may only appeal the amount of compensation it is awarded and not whether the trenches have been dedicated for public use, it was Newport that initially sought to dismiss Blue Ridge's complaint based on the mandatory arbitration procedures set forth by the Pennsylvania Tenant's Rights to Cable Television Act.[21]

Moreover, Newport's contention that an adverse decision in arbitration will result in an unconstitutional taking of its property in violation of the United States Constitution, at this point, is premature because Newport has not had its property taken and no determination has been made regarding the compensation due to Newport.  See Gallenthin Reality Development, Inc. v. BP Products of North America, 2005 U.S.Dist.LEXIS 2544 at *9 (E.D.Pa. Feb. 18, 2005) (Ludwig, J.).

---

[21]   Defense Exhibit G, Preliminary Objections to Complaint, ¶ 31

Therefore, even if I concluded that this court had subject matter jurisdiction over the within dispute, I would nevertheless refrain from retaining jurisdiction over this case.

## CONCLUSION

For all the foregoing reasons, I grant defendant's motion to dismiss and dismiss plaintiffs' Complaint without prejudice for plaintiffs to raise the issues contained within in pending state court and arbitration proceedings.